LAW OFFICE OF WILLIAM J. HEALY
WILLIAM J. HEALY, #146158
748 Holbrook Pl.
Sunnyvale, CA 94087
Telephone: (408) 373-4680

ATTORNEYS FOR
Amy T. Nguyen—Chyung
and Abraham Chyung, individually and as co-trustees of
THE CHYUNG FAMILY LIVING TRUST,
U/A DATED JULY 7, 2008

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| In re:<br><br>RENE M. DUENAS,<br><br>    Debtor.<br><br>_____<br>Amy T. Nguyen—Chyung and Abraham Chyung, individually and as co-trustees of THE CHYUNG FAMILY LIVING TRUST, U/A DATED JULY 7, 2008,<br><br>    Plaintiffs,<br><br>    v.<br><br>RENE M. DUENAS,<br><br>    Defendant. | Case No. 22-51136<br><br>CHAPTER 7<br><br><br><br>**Adversary Proceeding Case No.** |

**COMPLAINT FOR DETERMINATION OF NON- DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(6) and DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727 (a)(6)(C)**

Creditors Amy T. Nguyen—Chyung and Abraham Chyung, individually and as co-trustees of THE CHYUNG FAMILY LIVING TRUST, U/A DATED JULY 7, 2008 ("Plaintiffs"), plaintiffs

herein, allege as follows:

**I. PARTIES**

1. Plaintiffs are individuals, trustees, and co-trustee of a trust and a trust and creditors of the Debtor in the Bankruptcy Case as hereinafter defined. Plaintiffs are hereinafter jointly referred to as Plaintiffs.

2. Defendant Rene M. Duenas ("Debtor", "Defendant", and/or "Duenas") is the debtor in the above captioned bankruptcy case ("Bankruptcy Case") and is believed to reside in the City of Campbell, County of Santa Clara, and State of California.

**II. JURISDICTION AND VENUE**

3. This adversary proceeding arises under title 11, or arises in or is related to the Bankruptcy Case, within the meaning of 28 U.S.C. § 1334(b). This Court therefore has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b), 1334(b) and 1334(e) and Rule 5011-1 of the Bankruptcy Local Rules of the United States District Court for the Northern District of California, including jurisdiction to enter a final judgment.

4. This is an adversary proceeding to determine the dischargeability of debts owed by the Debtor to the Plaintiffs Bank and therefore is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), (J), and (O). To the extent necessary, Plaintiffs consent to entry of a final judgment by this Court.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

6. Defendant is subject to the jurisdiction of this Court due to, among other things, his voluntary bankruptcy filing in this Court.

**III. GENERAL FACTUAL ALLEGATIONS**

7. Defendant commenced this Bankruptcy Case on December 16, 2022 (the "Petition Date") by filing a voluntary petition under chapter 11 of the Bankruptcy Code. Creditors are listed as general unsecured creditors in Defendant's Schedule E/F (See Part 2, Section 4.1 (Doc#1, page 22 of 48)). The Notice of Chapter 7 Bankruptcy Case (Doc.#8) established the deadline for creditors to file actions under 11 U.S.C. 523 and 727 as March 21, 2023.

8. The Notice of Chapter 7 Bankruptcy Case (Doc.#8) also indicated for creditors to not file

a Proof of Claim. Thus far the Bankruptcy Court in the Bankruptcy Case has not set a Proof of Claim deadline. Therefore, Creditors have not filed a Proof of Claim in the Bankruptcy Case.

9. Plaintiffs, namely Amy T. Nguyen-Chyung and Abraham Chyung, individually and as co-trustees of the Chyung Family Living Trust, U/A Dated July 7, 2008, are the owners of the real property commonly known as 1102 Sherwood Avenue, San Jose, California ("Subject Property"), Plaintiffs purchased the Subject Property for immediate investment purposes, the rental income from the Subject Property was an important factor in their decision to purchase, and Ms. Nguyen-Chyung considered potentially occupying one of the units in the future. Duenas is the broker and owner of Realty Vison, Inc. and was the broker who listed the Subject Property in the multiple listing service ("MLS") on behalf of his clients, the sellers. There are two issues raised by Plaintiffs relative to the purchase and sale of the Subject Property: (1) the illegality of a "studio" in what was one of the garage spaces and the representation that this "studio" was a legal rental unit generating $1200/month in rent and (2) the illegality of a bedroom in each of the remaining two units along with an illegal rear balcony.

10. 1102 Sherwood Ave and upper unit 1104 Sherwood Avenue were marketed as having three bedrooms each when in fact they each had only two legal bedrooms. Also, the Subject Property was represented by Duenas in the Multiple Listing Service (MLS) printout, a marketing brochure, and in his Agent Visual Inspection Disclosure (AVID) as having three legal rental units. The Subject Property has only two legal rental units. The "studio" mentioned in these documents is illegal. This "studio" was illegally converted by the sellers; it was at one time a garage. The sellers had been ordered by the City of San Jose to revert the "studio" back to a garage in 2008. In October of 2013, the city inspected the reversion and indicated that it was OK. The reversion legalized the space as a garage and laundry; it did not authorize the rental of the space as living space. The sellers then restored this space to a living unit and continued to rent this space, and that is how it was represented to Plaintiffs in Duenas' marketing materials, the MLS, and his AVID when the Subject property was purchased.

11. When the bedroom was added to the second story unit, a balcony was also added without a permit and without being up to Code.

Case: 23-05012    Doc# 2    Filed: 03/18/23    Entered: 03/18/23 13:59:21    Page 3 of 7

12. Realty Vision and Duenas were aware of these issues, as the initial MLS listing and transactional documentation indicated only two bedrooms per unit, but then shortly before the Chyungs made an offer on the property, Duenas intentionally revised the MLS printout, marketing brochure, and other transactional documentation to affirmatively state that there were three bedrooms each in 1102 and 1104 Sherwood Avenue. Moreover, Duenas explained to the Chyung's agent that the City document provided was evidence of the legality of the studio. Also, the Chyung's two purchase offers were both initially rejected, and the sellers had accepted another offer. However, when explicitly asked by the Chyungs through the Chyung's agent why the other party backed out of the transaction, Duenas concealed the reasons, including but not limited to, receipt of an email wherein the buyer's agent said sorry cancellation of the contract is attached-no lender wants to do the loan because of the studio.

13. Duenas intentionally, purposefully, and/or willfully misrepresented and/or concealed the status of the legality of the studio rental unit and the bedroom count and permit status of the Subject Property in the MLS and in the other documentation provided by or on behalf of the sellers to the buyers. These representations made by Duenas were false, and he knew they were false when he made them. Alternatively, or simultaneously, Duenas, either on their own or through the actions of Realty Vision, concealed the knowledge that the representations were false. Duenas intended that the buyers rely on the representations that were made, the buyers reasonably relied upon these representations as demonstrated by, among other things, their going forward with the transaction and closing escrow, the buyers did not know the true facts relating to the legality of the studio rental unit, the number of bedrooms in 1102 and 1104 Sherwood, and the unpermitted status of the balcony, and had they known the true facts they would not have completed the purchase. As a result, the buyers have been substantially damaged. Said damages include, but are not limited to, out-of-pocket losses pursuant to Civil Code § 3343(a) of $540,000.00, rental loss of $238,613.00 through January 2021 with said loss ongoing thereafter until legalized by the City (the City has indicated it will not process this issue until the underlying lawsuit is resolved), legalization engineering expenses and Code inspection and permitting and planning process fees, etc., in the amount of approximately $30,000.00, anticipated related expenses of approximately $10,000.00, and approximately $6,000.00 in travel expenses incurred by addressing the issues raised with the Subject Property.

## FIRST CLAIM FOR RELIEF

**(For Non-Dischargeability of Debt to the Bank Pursuant to 11 U.S.C. § 523(a)(2)(A))**

14. Plaintiffs repeat and reallege the allegations in above paragraphs 1 through 13, inclusive, as though fully set forth herein.

15. Duenas intentionally, purposefully, and/or willfully misrepresented and/or concealed the status of the legality of the studio rental unit and the condition of the Subject Property in the MLS and in the other documentation provided by or on behalf of the sellers to the buyers. These representations made by Duenas were false, and he knew they were false when he made them. Alternatively, or simultaneously, Duenas, either on their own or through the actions of Realty Vision, concealed the knowledge that the representations were false. Duenas intended that the buyers rely on the representations that were made, the buyers reasonably relied upon these representations as demonstrated by, among other things, their going forward with the transaction and closing escrow, the buyers did not know the true facts relating to the legality of the studio rental unit, the number of bedrooms in 1102 and 1104 Sherwood, and the unpermitted status of the balcony, and had they known the true facts they would not have completed the purchase. As a result, the buyers have been substantially damaged as indicated hereinabove.

WHEREFORE, the Plaintiffs pray for judgment as set forth below.

## SECOND CLAIM FOR RELIEF

**(For Non-Dischargeability of Debt to the Bank Pursuant to 11 U.S.C. § 523(a)(6))**

16. Plaintiffs repeat and reallege the allegations in above paragraphs 1 through 15, inclusive, as though fully set forth herein.

17. Duenas acts as described hereinabove were done willfully and maliciously as caused the resulted harm to Plaintiffs as indicated hereinabove.

WHEREFORE, the Plaintiffs pray for judgment as set forth below.

## THIRD CLAIM FOR RELIEF

**(For Denial of Discharge Under 11 U.S.C. § 727 (a)(6)(C)**

18. Plaintiffs repeat and reallege the allegations in above paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. 11 U.S.C. § 727 (a)(6)(C) provides, in pertinent part, that the court shall grant the debtor a discharge, unless the debtor has refused, in the case, on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify.

20. Pursuant to the Notice of Chapter 7 Bankruptcy Case (Doc#8) the statutorily required Meeting of Creditors (11 U.S.C. § 341) (aka "341" or "341 Meeting") was scheduled for and held on January 20, 2021.

21. After the appointed trustee Doris A. Kaelin ("Trustee") completed her initial questioning, she asked if there are any creditors present who would like to cross-examine the Debtor. As Plaintiffs, through Amy T. Nguyen—Chyung, attempted to commence questioning of the Debtor, Debtor's counsel interrupted, indicated that because Amy T. Nguyen—Chyung was a party to litigation and represented by counsel in that litigation[1], he wanted the questions asked by counsel and would instruct Debtor not to testify, answer, or respond. The Trustee advised the Debtor that since Amy T. Nguyen—Chyung was a creditor she was allowed to ask questions.

22. Amy T. Nguyen—Chyung, individually and as Trustee, and on behalf of Plaintiffs, then tried to ask the Debtor questions but Debtor's counsel again indicated he did not want the Debtor to testify, answer, or respond and the Debtor refused to testify in response to questioning by these creditors.

23. On February 23, 2023 the Trustee held a Continued Meeting of Creditors. Plaintiffs attend the Continued Meeting of Creditors by and through, and including, Amy T. Nguyen—Chyung. Debtor's counsel instructed the Debtor to not answer any questions because these creditors had indicated they may be filing an adversary against the Debtor and Debtor refused to testify in response to questioning by these creditors.

24. At no time during the Meeting of Creditors, whether held on January 20, 2023 or on February 23, 2023, did the Debtor, or Debtor's counsel on behalf of the Debtor assert any rights under the 5th Amendment to the United States Constitution (i.e. the privilege against self-incrimination).

---

[1] The litigation is a pending matter in State Court, specifically listed in Debtor's Schedule E/F (Doc#1, Part 2, Section 4.1, page 22 of 48).

25. Debtor should therefore be denied a discharge under 11 U.S.C. § 727(a)(6).

WHEREFORE, the Plaintiffs pray for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. On the First and Second Claims for Relief, an Order of this Court determining that the full amount of Debtor's debt to Plaintiffs is excepted from discharge and non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6).

2. On the Third Claim for Relief, an Order of this Court determining that Debtor shall be denied a discharge in this Bankruptcy Case pursuant to 11 U.S.C. §§ 727(a)(6)(C).

3. For such other and further relief as the Court deems just and equitable.

Dated: March 18, 2023

LAW OFFICE OF WILLIAM J. HEALY
*/s/ William J. Healy*
William J. Healy