VINOD NICHANI|SBN 277607
NICHANI LAW FIRM
111 North Market Street, Suite 300
San Jose, California 95113
Phone: 408-800-6174
Fax: 408-290-9802
Email: vinod@nichanilawfirm.com

Counsel to Debtor/Defendant
RENE M. DUENAS aka
RENE MIGUEL DUENAS

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>RENE M. DUENAS aka<br>RENE MIGUEL DUENAS,<br><br>             Debtor.<br><br>Amy T. Nguyen-Chyung<br>and Abraham Chyung, individually and as co-trustees of THE CHYUNG FAMILY LIVING TRUST, U/A DATED JULY 7, 2008,<br><br>             Plaintiffs,<br><br>  v.<br><br>RENE M. DUENAS,<br><br>             Defendant | Case No.: 22-51136<br><br>Adversary Proceeding No.: 23-05012<br><br>Chapter 7<br><br>DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)<br><br>[Filed concurrently with Notice of Motion and Defendant's Motion to Dismiss]<br><br><u>Hearing:</u><br>Date:      August 8, 2023<br>Time:     1:30 p.m<br>Location:  Via video/teleconference<br>              Courtroom 9<br><br>Hon. Stephen L. Johnson |

    A motion to dismiss under Rule 12(b)(6) of the Rules of Federal Procedure lies for failure of the complaint to "state a claim upon which relief can be granted."

    In order to satisfy the particularity requirement of Rule 7009, a complaint must allege the fraudulent statements, the identity of the speaker, the time and place of the statements and the

1

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case: 23-05012   Doc# 18-1   Filed: 07/17/23   Entered: 07/17/23 15:36:16   Page 1 of 10

nature of the misrepresentation. *American Express Travel Related Servs. Co. v. Henein*, 257 B.R. 702 (E.D.N.Y. 2001).

In order to escape a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Twombly* at 557.

"In order to survive a motion to dismiss, a plaintiff must allege facts that are enough to raise her right to relief 'above the speculative level.'" *Twombly* at 555.

"While the complaint 'does not need detailed factual allegations,' it is nonetheless 'a plaintiff's obligation to provide the grounds of his entitlement to relief which requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' *Id.* In short, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face,' not just conceivable. *Id.* at 570." *Rosal v. First Federal Bank of California,* 671 F.Supp 2d. 1111, 1119 (N.D. Cal. 2009) quoting *Twombly* at 570.

On March 18, 2023, Plaintiff filed its complaint for Determination of Non-Dischargeability of Debt Pursuant to 11. U.S.C. §§523(a)(2)(A) and 523(a)(6) and Denial of Discharge Pursuant to 11 U.S.C. §727(a)(6)(c).

On April 18, 2023, Defendant filed its Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P.12(B)(6).

On June 6, 2023, the Court Ordered Defendant's Motion to Dismiss complaint regarding the §523(a)(2) and (a)(6) claims with leave to amend.

On June19, 2023 Plaintiff filed its First Amended Complaint for Determination of Non-Dischargeability of Debt Pursuant to 11. U.S.C. §§523(a)(2)(A) and 523(a)(6) and Denial of Discharge Pursuant to 11 U.S.C. §727(a)(6)(c).

///

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

## ALLEGATIONS OF COMPLAINT

The First Amended Complaint alleges three causes of action, under 11 U.S.C. Sections 523(a)(2)(A), 523(a)(6), and 727(a)(6)(C).

## RELEVANT GENERAL ALLEGATIONS

Paragraph 11 of the complaint alleges, "There are two issues raised by Plaintiffs relative to the purchase and sale of the Subject Property against Duenas: (1) the illegality of a "studio" in what was one of the garage spaces and the representation that this "studio" was a legal rental unit generating $1200/month in rent and (2) the illegality of a bedroom in each of the remaining two units (aka number of bedrooms)."

Paragraph 12 of the complaint alleges, "The Subject Property has only two legal rental units. The "studio" mentioned in these documents is illegal. The "studio" was illegally converted by the Sellers; it was at one time a garage. The Sellers had been ordered by the City of San Jose to revert the "studio" back to a garage in 2008. In October of 2013, the city inspected the reversion and indicated that it was OK. The reversion legalized the space as a garage and laundry; it did not authorize the rental of the space as living space."

Paragraph 13 of the complaint alleges, "The Sellers then restored this space to a living unit and continued to rent this space."

Paragraph 14 of the complaint alleges, "On June 30, 2017 Duenas signed three (3) AGENT VISUAL INSPECTION DISCLOSURE (CALIFORNIA CIVIL § 2079 ET SEQ) ("Original AVID") for the Subject Property (one for each alleged unit on/at the Subject Property). Plaintiffs have combined the three (3) AVIDs dated into one joint Exhibit A, a true and copy of which is attached hereto and incorporated herein."

Paragraph 16 of the complaint alleges, "In the Original AVID Duenas affirmatively stated: (a) with respect to Unit 1 two (2) bedrooms, (b) with respect to Unit 2 two (2) bedrooms, and (c) with respect to Unit 3 one (1) studio bedroom, showerstall, and kitchenette."

Thereafter, Paragraph 17 alleges "The Original AVID is signed by Duenas as June 30, 2017 although it reflects various inspection dates, i.e. Unit 1 7/16/17, Unit 2 6/29/17, and Unit 3 6/30/17."

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case: 23-05012    Doc# 18-1    Filed: 07/17/23    Entered: 07/17/23 15:36:16    Page 3 of 10

NICHANI LAW FIRM
111 N. Market Street, Suite 300
San Jose, California 95113

On Paragraph 19 the complaint alleges "On July 11, 2017 Duenas entered information on the MLS relating to the Subject Property ("Original MLS"). Specifically, on July 11, 2017 Duenas entered the following information relating to the Subject Property on the Original MLS: "Tri-Plex or #3 units, #2-2 Bedrooms-1 Bathroom units; and #1-Studio"

"Unit #1 . . . Beds 2"

"Unit #2 . . . Beds 2"

"Unit #3 . . . Beds 1"."

Paragraph 20 alleges, "As of August 9, 2017 the Subject Property had not been sold."

Paragraph 21 alleges, "On August 9, 2017, between 9:27 a.m. and 10:56 a.m. (as documented by Document Central's activity log), Duenas, without prior approval of his clients the Sellers in clear violation of, at least, California Civil Code 2079, et seq and California Civil Code 1088 (a), revised at least four (4) documents: (1) Original AVID (for alleged Units 1-3), (2) MLS, (3) Brochure1, and (3) Brochure2 wherein Duenas entered information on the MLS and elsewhere relating to the Subject Property."

Paragraph 22 alleges, "As part of the August 9, 2017 revisions, on August 9, 2017 Duenas unilaterally modified the Original AVID to (1) increase the number of bedrooms in Unit 1 and Unit 2 from 2 bedrooms to 3 bedrooms (each), (2) add additional language relative to Unit 3, and changed language relative to Unit 3, namely:

"STUDIO IS LEGAL SEE ENFORCEMENT INSPECTION DATED 10/01/2013"

"STUDIO NEEDS IMPROVEMENTS - INSTALL KITCHEN"

X'd out Kitchenette and added "NO KITCHEN"."

Paragraph 23 alleges, "This Modified AVID, exactly like the Original AVID, is signed by Duenas as June 30, 2017 and reflects various inspection dates, i.e. Unit 1 7/16/17, Unit 2 6/29/17, and Unit 3 6/30/17. Except for the modifications described hereinabove, it appears Duenas simply altered the previously signed (by Duenas and Sellers) Original AVID."

Paragraph 24 alleges, "As part of the August 9, 2017 revisions, on August 9, 2017 Duenas unilaterally modified the Original MLS to (1) increase the number of bedrooms (aka legal bedrooms) in Unit 1 and Unit 2 from 2 bedrooms to 3 bedrooms (each) and (2) assert relative to

4

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case: 23-05012    Doc# 18-1    Filed: 07/17/23    Entered: 07/17/23 15:36:16    Page 4 of 10

Unit 3 that the studio was legal, namely:

  "Tri-Plex or #3 units, #2-3 Bedrooms-1 Bathroom units; and #1-Studio"

  "Studio is legal"

  "Unit #1 . . . Beds 3"

  "Unit #2 . . . Beds 3"

  "Unit #3 . . . Beds 1"."

  Paragraph 26 alleges, "Similarly, as part of the August 9, 2017 revisions, on August 9, 2017 Duenas also created and issued two (2) marketing brochures, namely Brochure 1 and Brochure 2 which were distributed to and made available to the public, including Plaintiffs.

  Paragraph 27 alleges, "Brochure 1, entitled FOR SALE 1102 SHERWOOD AVE SAN JOSE, CA 95126, specifically states: "MULTI-RESIDENTIAL INCOME (3 UNITS)." Paragraph 28 alleges "Brochure 2, also entitled FOR SALE 1102 SHERWOOD AVE SAN JOSE, CA 95126, specifically states:

  "MULTI-RESIDENTIAL INCOME (3 UNITS)"

  Unit 1 3 Beds and 1 Baths and Rent $2,200

  Unit 1 3 Beds and 1 Baths and Rent $2,200

  Unit 3 ........"STUDIO". ........ "1,200"

  "Studio has side yard potential"."

  Paragraph 50 alleges, "Duenas intended that the buyers, including and specifically Plaintiffs, to rely on the representations that were made, the buyers, including Plaintiffs, reasonably relied upon these representations as demonstrated by, among other things, Plaintiffs going forward with the transaction and closing escrow. Plaintiffs did not know the true facts relating the number of bedrooms in Unit 1 and in Unit 2, the legality of the alleged studio, Unit 3, his and others' concerns about the legal status of the studio, Unit 3, the studio's, Unit 3's ability to legally generate $1,200 in monthly rental income, and why the other buyers canceled their purchase contract "no lender wants to do the loan because of the studio" and had they known the true facts they would not have completed the purchase..."

5

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case: 23-05012 Doc# 18-1 Filed: 07/17/23 Entered: 07/17/23 15:36:16 Page 5 of 10

Plaintiffs claim to have relied on Defendant's AVID and marketing materials concerning the "legality" of units in the real property. Defendant is neither a lawyer nor a representative of the City and County where the real property is located. If there were concerns as to the legality of the real property, Plaintiff was represented in the transaction by Edward Tran, their agent and Thien Nguyen (Plaintiff Amy T. Nguyen Chyung's brother).

## THE FIRST CLAIM FOR RELIEF IS DEFECTIVE

Fed. R. Bankr. P. 7012 provides that Fed. R. Civ. P. 12(b)-(i) applies in adversary proceedings. A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. See *Navarro v. Block*, 250 F. 3d 729, 732 (9th Cir. 2001).

Under 11 U.S.C. § 523:
(a) a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by-
        **(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's factual condition;**
        (B) use of a statement in writing—
            (i) that is materially false;
            (ii) respecting the debtor's or an insider's financial condition;
            (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
            (iv) that the debtor caused to be made or published with intent to deceive;
        or
    (C)    (i) for purposes of subparagraph (A) –
            (I) consumer debts owed to a single creditor and aggregating more than $500 for luxury goods or services incurred by an individual debtor on or within 90 days before the order for relief under this title are presumed to be nondischargeable; and
            (II) cash advances aggregating more than $750 that are extensions of consumer credit under an open end credit plan obtained by an individual debtor on or within 70 days before the order for relief under this title, are presumed to be nondischargeable; and
        (ii) for purposes of this subparagraph—
            (I) the terms "consumer", "credit", and "open end credit plan" have the same meanings as in section 103 of the Truth in Lending Act; and

6

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case: 23-05012    Doc# 18-1    Filed: 07/17/23    Entered: 07/17/23 15:36:16    Page 6 of 10

> (II) the term "luxury goods Without any incidents, Without any incidents, or services" does not include goods or services reasonably necessary for the support or maintenance of the debtor or a dependent of the debtor.

In support of its 523(a)(2)(A) claim for relief, Plaintiffs allege the following in Paragraph 53:

> These representations made by Duenas were false, and he knew they were false when he made them. Alternatively, or simultaneously, Duenas, either on his own or through the actions of Realty Vision, concealed the knowledge that the representations were false. Duenas intended that the buyers, including Plaintiffs, rely on the representations that were made, Plaintiffs reasonably relied upon these representations as demonstrated by, among other things, their going forward with the transaction and closing escrow, the Plaintiffs did not know the true facts relating to the number of bedrooms in Unit 1 and in Unit 2, the legality of the alleged studio, Unit 3, his and others' concerns about the legal status of the studio, Unit 3, the studio's, Unit 3's ability to legally generate $1,200 in monthly rental income, and why the other buyers canceled their purchase contract "no lender wants to do the loan because of the studio", and had they known the true facts they would not have completed the purchase. As a result, the Plaintiffs have been substantially damaged as indicated hereinabove.

Section 523(a)(2)(A); requires a showing of the following: (1) that the debtor made the representations; (2) that at the time he made the representations, the debtor knew they were false; (3) that he made them with the intention and purpose of deceiving the creditor; (4) that the creditor relied on such representations; (5) that the creditor sustained the alleged loss and damage as the proximate result of the representations having been made. *In re Britton*, 950 F. 2d 602, 604 (9th Cir. 1991).

Plaintiffs make conclusory statements as to the intent of Defendant but fail to specially allege facts to show intent on the part of the Defendant. In fact, the AVID that is referred to all over the complaint and attached to Plaintiff's complaint as Exhibit "A" provides as follows:

California law does not require the Agent to inspect the following:

- Areas that are not reasonably and normally accessible;
- Areas off site of the property;
- Public records or permits;
- Common areas of planned developments, condominiums, stock cooperatives and the like.

7

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case: 23-05012    Doc# 18-1    Filed: 07/17/23    Entered: 07/17/23 15:36:16    Page 7 of 10

It is questionable as to why Plaintiffs put the burden on Defendant to inspect the public records and permits of the property, specifically as to the studio and rooms. Further, the AVID clearly provides … "California Law specifies that a buyer has a duty to exercise reasonable care to protect himself or herself…" Plaintiffs fail to specifically allege the Defendants' misrepresentations that resulted in the Plaintiffs' reliance as element number 4 of Section 523(a)(2)(A). Plaintiff was represented by her own real estate professional through the transaction.

Whether reliance is justifiable requires consideration of the "qualities and characteristics" of the plaintiff. *Citibank (S.D.), N.A. v. Eashai (In re Eashai)*, 87 F.3d 1082 (9th Cir. 1996) (quoting *Field v. Mans*, 516 U.S. 59, 71, 116 S. Ct. 437, 133 L. Ed. 2d 351 (1995)). A plaintiff is justified in relying on a representation even though the falsity of the representation may have been discovered upon investigation. *Id.* (quoting *Field* at 70). But a plaintiff cannot "close his eyes to avoid discovery of the truth." *Id.* (quoting *Romesh Japra, M.D., F.A.C.C., Inc. v. Apte (In re Apte)*, 180 B.R. 223, 229 (B.A.P. 9th Cir. 1995)). On the other hand, reasonable reliance, under § 523(a)(2)(B), is an objective standard to be reviewed under the totality of the circumstances. *Maxwell v. Oregon (In re Maxwell)*, 600 B.R. 62, 70 (B.A.P. 9th Cir. 2019) (citing *Candland*, 90 F.3d at 1471; *Gertsch*, 237 B.R. at 170). Under the totality of circumstances, Plaintiff had its own representation and a duty to exercise reasonable care. The pleadings fail to provide a showing of intent on the part of the defendant and reliance by the Plaintiff.

**THE SECOND CLAIM FOR RELIEF IS DEFECTIVE**

Under Section 523(a)(6), "a discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt— For willful and malicious injury by the debtor to another entity or to the property of another entity." In support of its 523(a)(6) claim for relief, Plaintiff alleges the following: Paragraph 56 of the complaint alleges:

> Duenas acts and omissions as described hereinabove violated California Civil Code 1088 (a) which states that the listing may not be placed in a MLS service unless authorized or directed by the seller in the listing; California Civil Code 1088 (b) which states that if an agent places a listing or other information in the

8

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

Case: 23-05012    Doc# 18-1    Filed: 07/17/23    Entered: 07/17/23 15:36:16    Page 8 of 10

MLS, that agent shall be responsible for the truth of all representations and statements made by the agent of which that agent had knowledge or reasonably should have had knowledge to anyone injured by their falseness or inaccuracy; California Civil Code 2079, et seq which states, inter alia, that a real estate broker or salesperson conduct a reasonably competent and diligent visual inspection of reasonably and normally accessible areas of certain properties offered for sale and then disclose to the prospective purchaser material facts affecting the value or desirability or that property that the inspection reveals; and other provisions of the California Civil Code, i.e. §1571- 1573 which address fraud, actual or constructive and §1710 Fraud, including intentional misrepresentation, concealment, and false promise.

Paragraph 57 alleges, "Duenas acts and omissions as described hereinabove were tortuous and as caused the resulted harm to Plaintiffs as indicated hereinabove."

Section 523(a)(6) provides that a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is nondischargeable. To establish a claim for nondischargeability under Section 523(a)(6), a creditor must show: (1) an injury to the creditor; (2) the debtor's actions which brought about the injury; (3) the injury was intentional and malicious; and (4) the injury gave rise to a claim for damages in favor of the creditor." *In re Cullen*, 71 B.R. 274 (Bankr. W.D. Wisc. 1987). Pursuant to *Kawaauhau v. Geiger*, 118 S.Ct. 974, 523 U.S. 57, 140 L. Ed. 2d 90, (1998), debts arising from recklessly or negligently inflicted injuries do not fall within the willful and malicious injury exception to discharge. "The word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury." *Id*. at 977. *Kawaauhau* overrules previous Eleventh Circuit precedent to the extent that it would support a finding of nondischargeability for acts by a debtor other than acts committed with the intent to cause injury. *Florida Outdoor Equipment, Inc. v. Tomlinson*, 220 B.R. 134 (Bankr. M.D. Fla. 1998).

Plaintiffs merely provide a general and conclusory description but do not provide specific facts as to the willfulness or maliciousness of Defendant's acts. The allegations are merely a timeline of information related to the disclosures made in the AVID and MLS. Plaintiff is attempting to argue violations of California Civil Codes within an adversary complaint, but fails

9

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)

NICHANI LAW FIRM
111 N. Market Street, Suite 300
San Jose, California 95113

Case: 23-05012    Doc# 18-1    Filed: 07/17/23    Entered: 07/17/23 15:36:16    Page 9 of 10

to allege that the debtor's actions brought about the injury and that the injury was intentional and malicious.

### THE THIRD CLAIM FOR RELIEF IS DEFECTIVE

Under Section 727(a)(6)(C),

(a) The court shall grant the debtor a discharge, unless—

(6) the debtor has refused, in the case—

(C) on a ground other than the properly invoked privilege against self-incrimination, to respond to a material question approved by the court or to testify.

Here, Plaintiffs allege under this claim for relief that the Plaintiff, Amy T. Nguyen-Chyung asked Defendant several questions at the Section 341 Meeting of Creditor, and because Defendant did not provide an answer and was following his counsel's instruction not to answer, therefore, Defendant is not entitled to a discharge in this case.

Plaintiffs' questions at the Section 341 Meeting of Creditor were not material nor were the Plaintiff Amy T. Nguyen-Chyung's questions approved by the court. Further the allegation fails to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Defendant does not identify the questions that were not answered by the defendant and whether such questions were material. Defendant did in fact testify at the hearing and the meeting of creditors has been concluded.

### CONCLUSION

Wherefore, all three of Plaintiffs' claims of relief lack essential elements related to said claims. Therefore, this First Amended Complaint should be dismissed.

Dated: July 17, 2023          NICHANI LAW FIRM

/s/Vinod Nichani
VINOD NICHANI
Attorney for Debtor/Defendant
RENE M. DUENAS aka
RENE MIGUEL DUENAS

10

Case: 23-05012    Doc# 18-1    Filed: 07/17/23    Entered: 07/17/23 15:36:16    Page 10 of 10

DEFENDANT RENE M. DUENAS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)